FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 04 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

JOSEPH RUPOLO,

        Defendant.

- - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

13 CR 0288 (SJF)

WHEREAS, on November 12, 2013, JOSEPH RUPOLO (the "Defendant") entered a plea of guilty to the sole Count of the above-captioned information, charging a violation of 18 U.S.C. § 641; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to the entry of a forfeiture money judgment in the sum of seventy thousand dollars and no cents ($70,000.00) (the "Forfeiture Money Judgment"), as property constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 641, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

        1.    The Defendant shall forfeit to the United States the

full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

2. Based upon the Defendant's plea, the Defendant shall remit to the government the above-referenced forfeiture amount as provided herein. If the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his sentencing (the "Due Date"), interest shall accrue thereon at the judgment rate of interest from that date. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank or certified check payable to the "United States Marshals Service" and shall be delivered by overnight mail delivery to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York, 11722.

3. The Defendant has represented that he has fully disclosed all of his assets to the United States in the United States Department of Justice Financial Statement (the "Financial Statement"). If the Defendant has failed to disclose to the government any assets in which he has any interest (the "undisclosed assets"), the United States shall forfeit all such undisclosed assets, if any, up to the amount of the Forfeiture Money Judgment. If the Forfeiture Money Judgment, or any portion thereof, is not entered and paid to the United States, the United States may seek to enforce this Order against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment

pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the entry and payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The forfeiture of the Forfeiture Money Judgment shall not be considered a payment of a fine or penalty, or of any income taxes or restitution loss amount that may be due, and shall survive bankruptcy.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the Forfeiture Money Judgment forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeiture Money Judgment, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

5. Upon entry of this Order of Forfeiture, the United States Attorney General, or his designee, is authorized to conduct

any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this order.

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order of Forfeiture shall become final as to the Defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. Pro. 32.2(c)(2).

8. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns, and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa,

United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
    November ___, 2013
    *Dec. 4, 2013*

                s/ Sandra J. Feuerstein
                _____
                HONORABLE SANDRA J. FEUERSTEIN
                UNITED STATES DISTRICT JUDGE